RONALD PARKS *v.* STATE OF INDIANA.

[No. 775S171. Filed June 1, 1976.]

*Paul J. Giorgi, Nicholas J. Schiralli,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged by indictment in two counts: Count I charging murder in the perpetration of a robbery; Count II charging premeditated murder. The jury found appellant guilty as charged under Count I and under Count II found him guilty of voluntary manslaughter and set his penalty at not less than two nor more than twenty-one

years. The court rendered judgment on the verdict on Count I and sentenced the appellant to the Indiana State Prison for the remainder of his natural life. However, the court refused to enter judgment on Count II for the reason that it involved the same homicide for which he had sentenced the appellant to life imprisonment.

The record shows the following facts: About 9:15 p.m. on July 12, 1974, the appellant, Ronald Parks, and one James Edward Smith stopped at the El Corral restaurant in Gary, Indiana. Parks went into the restaurant to get a drink. When he came back out Smith asked him if he wanted to rob the restaurant. Parks at first said that he did not and remained in the car while Smith went inside. However, a few minutes later Parks followed Smith into the restaurant. While Smith held a gun on the persons in the restaurant, Parks ransacked the kitchen looking for money. When he came out of the kitchen he asked the decedent Wagner for his money then grabbed Wagner by the arms and held him while Smith shot him in the head. After being shot, Wagner ran toward the kitchen, but fell to the floor. Parks followed him and removed his wallet.

Appellant's sole contention is that the evidence is insufficient to sustain the conviction of murder. It is appellant's contention that he did not kill anyone, that he did not aid or abet, counsel, encourage, hire, command or otherwise procure the killing of Mr. Wagner. For this reason he asks that this case be reversed and that he be ordered discharged or in the alternative, given a new trial.

Under the facts as above recited it becomes abundantly clear that the evidence placed before the jury was sufficient to support the verdict that appellant had participated in a robbery and that robbery had resulted in the death of one of the victims. Appellant concedes the existence of IC 35-1-29-1 (Burns 1975), which reads as follows:

"Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command,

or otherwise procure a felony to be committed, may be charged by indictment, or information, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

However, he claims the facts in this case do not bring him within the precise language of this statute.

Appellant also claims that he and Smith did not discuss killing anyone in the perpetration of the robbery and that he had no intention that there be a killing. Such is not a prerequisite to being charged as an accessory in a murder felony case. *Jones* v. *State,* (1964) 244 Ind. 682, 195 N.E.2d 460, 2 Ind. Dec. 578, certiorari denied, 408 U.S. 927, 92 S.Ct. 2511, 33 L.Ed.2d 339. It was not necessary that appellant actively engage in the homicide itself to be found guilty. See *George* v. *State,* (1969) 252 Ind. 344, 247 N.E.2d 823, 17 Ind. Dec. 655; *White* v. *State,* (1941) 219 Ind. 290, 37 N.E.2d 937. We would observe, however, that appellant did, in fact, hold the victim while Smith shot him. The jury could well find that this was activity well within the range of active participation in the murder.

In his reply brief, appellant raises the question of the legality of his conviction under both counts of the indictment. However, no such question is presented to this Court for the reason the trial judge adequately handled the dual conviction in his sentencing of the appellant in that he sentenced the appellant under Count I and refused to sentence him under Count II because of the duplicity of the conviction. The trial judge was correct in so sentencing the appellant.

We see no reversible error in this record. The trial court is, therefore, affirmed.

Arterburn, DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 348 N.E.2d 21.