**Sherman HICKS, Petitioner–Appellant,**

v.

**STATE of Indiana,
Respondent–Appellee.**

**No. 02A03–9003–PC–88.**

Court of Appeals of Indiana,
Third District.

July 30, 1990.

Susan K. Carpenter, Public Defender and Addie D. Hailstorks, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen. and Richard C. Webster, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

Sherman Hicks was convicted of murder and his conviction was affirmed on direct appeal by our supreme court. *See Hicks v. State* (1980), 273 Ind. 43, 401 N.E.2d 702.

He now appeals from a denial of post conviction relief claiming that he was denied the effective assistance of counsel at his trial (and on the original appeal) and that the court committed fundamental error in failing to instruct the jury that where the evidence is circumstantial the jury should exclude every reasonable hypothesis of innocence before it can convict.

■ We address the latter contention first. We agree that our supreme court has held it reversible error to refuse such an instruction when properly requested and applicable to the evidence. *Spears v. State* (1980), 272 Ind. 634, 401 N.E.2d 331, *modified on other grounds*, 272 Ind. 647, 403 N.E.2d 828. It must be borne in mind, however, that the traditional test for determining whether an instruction has been properly refused applies, 401 N.E.2d at 334, and the error is reversible only when the substance of the instruction is not covered by other instructions which the court gave. 401 N.E.2d at 335.

■ It should also be borne in mind that fundamental error exists only in rare circumstances when an error is so egregious that it might be said that an accused subjected to it has been denied fundamental due process because of the blatant violation of basic and elementary principles such that the consequences are clear and dire. *See Warriner v. State* (1982), Ind., 435 N.E.2d 562; *Nelson v. State* (1980), 274 Ind. 218, 409 N.E.2d 637. Thus, in *Galbraith v. State* (1984), Ind.App., 468 N.E.2d 575, a case relied upon by the state that Hicks has not addressed in his reply brief, this court held fundamental error did not exist so as to preserve the question on a similar instruction where defendant had tendered the instruction but failed to sign it as required by the rules.

■ In the present case no instruction was tendered by the defense specifically equating proof by circumstantial evidence with the reasonable hypothesis of innocence. Hicks' trial counsel did, however, tender and have accepted by the court eight different instructions concerning the burden of proof beyond a reasonable doubt. One of these (Defendant's Instruction No. 1) advised the jury that the defendant was entitled to every inference in his favor which could reasonably be drawn from the evidence and where two reasonable inferences might be drawn, one consistent with guilt and one consistent with innocence, then the defendant was entitled to the latter. Another advised the jury to reconcile conflicts in the evidence or a lack of evidence on the theory that defendant was innocent if that could reasonably be done.

Under the instructions the jury was fairly and fully instructed. No fundamental error occurred because the precise instruction now advanced by counsel was neither tendered nor given.

We turn then to the allegations of ineffective assistance. Apart from repeating the allegation concerning the failure to give a reasonable hypothesis of innocence instruction, counsel asserts four specifications to sustain this contention.

 Under the test announced in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 and adopted in Indiana, to establish a claim of ineffective assistance a defendant must show both that counsel's performance fell below a standard of reasonableness *and* the reasonable probability that but for counsel's unprofessional errors the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. 466 U.S. at 694, 104 S.Ct. at 2068. Furthermore, in our consideration of the first prong of *Strickland* great deference is given to the discretion afforded counsel in making tactical and strategic decisions in representing his client's cause. The reason for this is simple. Attorneys engaged in trying to persuade a jury—or a single juror—of the existence or non-existence of a proposition at trial are not automatons. Technically correct objections may be seen as obstruction or may only serve to unduly emphasize some piece of evidence. Strategy to reach the overall goal may on occasion suggest bypassing other objections.

 As far as Hicks' claims are concerned they all fail the second prong of *Strickland.* Thus, while it was probably good lawyering to persuade the court to instruct on voluntary manslaughter, giving the instruction certainly did not harm Hicks. Counsel's failure to sign the instructions he tendered was of no moment since the court gave the tendered instructions to the jury. The failure to object to some leading questions addressed to one of the state's witnesses caused no significant harm, nor did the failure to object to testimony concerning other conduct of Hicks that might be deemed evidence of uncharged other crimes. The latter was such that in one instance the evidence was probably admissible as part of *res gestae* and in neither did it present any particular inference that because of that conduct Hicks probably committed the murder.

There was no error.

Affirmed.

HOFFMAN, P.J., and SULLIVAN, J., concur.