**Howard HOWEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8903–PC–237.

Supreme Court of Indiana.

Aug. 14, 1990.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

**1328** 

GIVAN, Justice.

This is an appeal from the denial of post-conviction relief. In 1976, appellant was convicted of First Degree Murder. The trial court sentenced appellant to life imprisonment. The conviction was affirmed by this Court. *Howey v. State* (1977), 267 Ind. 15, 366 N.E.2d 662.

Following a hearing on this petition, the trial court made thorough findings of fact and conclusions of law and denied post-conviction relief.

 The petitioner in a post-conviction relief proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence, and the post-conviction relief court is the sole judge of the evidence and the credibility of the witnesses. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, *cert. denied*, —— U.S. ——, 110 S.Ct. 268, 107 L.Ed.2d 218. The reviewing court will not reverse the judgment of the post-conviction court unless the evidence on this point is undisputed and leads inevitably to a conclusion opposite that of the trial court. *Id.*

 The post-conviction relief process is open to the raising of issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260. This Court stated in *Langley v. State* (1971), 256 Ind. 199, 210, 267 N.E.2d 538, 544:

"To unreservedly hold the door open for appellate review under the post conviction remedy rules, regardless of the circumstances which preceded, would perforce characterize post conviction relief as some sort of 'super-appeal' contrary to its intended function."

Appellant claims the trial court erred in denying his post-conviction relief where he was denied effective assistance of appellate counsel and trial counsel.

This Court in *Aubrey v. State* (1985), Ind., 478 N.E.2d 70, discussed the standard of review for effective assistance of counsel. *See also Townsend v. State* (1989), Ind., 533 N.E.2d 1215; *Mato v. State* (1985), Ind., 478 N.E.2d 57. As to appel-

lant's contentions, we will examine each of the alleged inadequacies under the two-part test in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

 Appellant contends that his prior appellate counsel was ineffective in that he did not contest the denial of his motion to suppress regarding certain items found in a locker.

Sergeant George Battles was present when appellant and Sandra Lloyd were arrested in the parking lot of the Greyhound Bus Station. In the police station, Lloyd gave a statement. Thereafter Sergeant Jerry Campbell and two other officers returned with Lloyd to the Greyhound Bus Station and Lloyd pointed out one specific locker which was locked. Upon learning that the key had been flushed down the toilet, Campbell directed the person with the master key to open the locker. Inside the locker he found one large green suitcase, a small brown suitcase, and a blue coat.

During trial, a hearing was held as to the admissibility of these items. Sergeant Campbell testified that Lloyd told him what was in the locker, and the reason they had put the items in the locker was to get rid of them. Sandra Lloyd testified that she and appellant went to the bus station the day of the killing and put some items in a locker. Appellant later informed Lloyd that he had flushed the key down the toilet. The trial court eventually admitted the evidence.

 A warrantless search is presumed unreasonable, and the State bears the burden to show that the search falls under an exception to the warrant requirement. *Fisher v. State* (1984), Ind., 468 N.E.2d 1365. One such exception is where consent to search is given by a third party having common authority over the premises. *See Brooks v. State* (1986), Ind., 497 N.E.2d 210. In the instant case, appellant and Lloyd acted together in this crime, the police acted according to the information received from Lloyd, and the locker was of mutual benefit to both of them because they did not want the items to be recov-

ered. Although appellant maintains that the key was in his wallet when he was arrested and had not been flushed down the toilet, the key was never produced by either party before, during, or after the trial, nor does the record support appellant's claim. Instead, testimony was presented that appellant had disposed of the key. We find that Lloyd had the right to consent, and the trial court did not err in admitting this evidence.

Appellant contends his trial counsel was ineffective and lists several instances to support his position.

■■■ Appellant contends his trial counsel failed to adequately consult with him and failed to file motions for discovery prior to trial. This Court will not speculate about what may have been the most advantageous strategy, and isolated bad tactics or inexperience does not necessarily amount to ineffective assistance. *Williams v. State* (1987), Ind., 508 N.E.2d 1264. Appellant cites numerous cases to support his position. However, these cases are clearly distinguishable from the instant case in that appellant's trial counsel was in all respects effective and competent unlike those cases cited by appellant. In addition, appellant makes no showing of prejudice, and the record shows that trial counsel was adequately prepared.

■■■ Appellant maintains trial counsel failed to object when appellant wore jail clothes during the trial. He contends his attorney did not want to object to the jail clothing and delay the trial.

We note that the function of the post-conviction review rule, Ind.R.P.C.R. 1 is a special remedy whereby a party can present error which for various reasons was not available or known at the time of the trial or on direct appeal. *Phillips v. State* (1982), Ind., 441 N.E.2d 201. Post-conviction action is not a substitute for direct appeal and any issue which was or could have been addressed at trial or on direct appeal is not the proper subject of a post-conviction action. *Music v. State* (1986), Ind., 489 N.E.2d 949. If appellant is to prevail on a claim of ineffectiveness of counsel, he must show he was denied a fair trial when the conviction or sentence resulted from a breakdown in the adversarial process which rendered the result unreliable. *Strickland, supra.*

To meet this burden, appellant must overcome, by strong and convincing evidence, a presumption that counsel has prepared and executed his client's defense effectively. *Williams, supra.* As we noted above, this Court will not speculate about what may have been the most advantageous strategy. *Williams, supra.* During the post-conviction hearing, trial counsel stated he had no memory of what appellant wore at trial and his general practice was to advise his clients not to wear jail clothes during trial. Only if the evidence leads unerringly and unmistakably to an opposite decision, may the trial court's ruling be disturbed. *See Bean v. State* (1984), Ind., 467 N.E.2d 671; *Williams v. State* (1984), Ind., 464 N.E.2d 893. It cannot be said that the evidence was not sufficient to support the conviction.

■■■ Appellant contends that trial counsel's performance was deficient because he failed to object and raise as error a comment made by a State witness that appellant refused to give a statement to the police. He asserts that as a result of this comment the jury could have inferred that he did not cooperate with the police.

Sergeant Battles testified that, after obtaining arrest warrants for appellant and Lloyd, he arrested them at the bus depot. Thereafter, Lloyd gave a statement, and appellant was advised of his right but refused to give a statement. During this period of testimony, no objection was made. Instead, on cross-examination, trial counsel immediately began asking questions regarding Lloyd's statement. He then turned to his client's refusal and asked the following: "Isn't it also true that he told you that if he had an attorney present he would?" Battles responded that he did not recall. We find that this issue was available on direct appeal and was not raised, thereby waiving the issue. *Sims v. State* (1988), Ind., 521 N.E.2d 336.

Appellant also contends ineffective trial counsel for failure to object to the prosecutor's misconduct.

■ It is well settled that the conduct of opening and closing arguments, as well as the course of the trial, is within the sound discretion of the trial court. *Ashford v. State* (1984), Ind., 464 N.E.2d 1298. In final argument, it is only proper to comment upon the evidence elicited from the witness stand and presented by exhibits properly admitted into evidence. *Adams v. State* (1974), 262 Ind. 220, 314 N.E.2d 53. Although remarks in arguments to the jury, which are not supported by the evidence, are neither approved nor condoned, this Court on review recognizes that the trial court is in a better position to determine the impropriety or propriety of such remarks and whether they are harmful; thus the trial court must have a wide field of discretion as to such matters. *Downing v. State* (1978), 178 Ind.App. 144, 381 N.E.2d 554.

■ Appellant asserts numerous instances of prosecutorial misconduct. First, he alleges impropriety involving a comment during final argument concerning the lack of production of the key from the wallet. This occurred during the State's rebuttal, and the prosecutor was responding to his argument that the key was in his wallet at the time of the search. The prosecutor also mentioned that the police were investigating fourteen other murders at the time of this investigation and referred to a bloodstain on a pillowcase which was not in evidence.

In addition, appellant alleges the prosecutor injected his personal opinion into the arguments and commented on appellant's actions while intoxicated. Finally, appellant contends the State tried to convince the jury to change the standard of proof. Assuming for the sake of argument that some of these amounted to misconduct, they do not amount to reversible error. We find that the trial court did not abuse its discretion nor did this amount to ineffectiveness of trial counsel.

Appellant also contends trial counsel was ineffective for failing to preserve error re-

garding the search and seizure and that the cumulative errors denied him effective assistance of counsel. As noted above regarding the search and seizure, we fail to find error nor is there any accumulative error.

Appellant claims prior appellate counsel inadequately represented him. He contends counsel failed to acquire a complete record. Although appellant indicates that the missing material was relevant, he fails to allege what reversible error or prejudice is in the record. He likewise contends that prior appellate counsel was inadequate in that he did not accuse trial counsel of incompetence. We find this without merit in that his prior trial counsel was not ineffective.

■ Appellant also claims that appellate counsel should have alleged the errors unpreserved by trial counsel to be fundamental. In order to be fundamental, the error must be so prejudicial to the rights of appellant that he could not have a fair trial. *Haymaker v. State* (1988), Ind., 528 N.E.2d 83. To determine whether fundamental error occurred, we must consider the character of the error and its effect on the trial as a whole. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068. Appellant contends the jail clothing, the comment on his silence, and prosecutorial misconduct rise to fundamental error. Appellant is incorrect. As indicated above, we found no error let alone fundamental error.

Appellant contends that appellate counsel, like trial counsel, failed to adequately consult with him and that the errors discussed above were cumulative. The record indicates that during the post-conviction hearing appellate counsel had no present recollection of speaking with appellant since it was over twelve years ago nor did he remember the content in the brief without refreshing his memory by going over it. While we find appellate counsel's testimony to be lacking, we cannot say that this amounts to inadequate counsel. Likewise, we find that the errors are not cumulative.

■ Appellant contends that Officer Battles improperly testified that appellant

refused to give a statement after his arrest. As discussed above, although this was improper, we fail to find that this amounts to reversible error.

 Appellant contends the trial court committed error when it read Instructions Nos. 40, 41, and 42 because it improperly shifted the burden of proof.

Appellant attacks these instructions based upon *Sandstrom v. Montana* (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39. In *Sandstrom,* the jury was instructed that the law presumes that a person intends the ordinary consequences of his voluntary acts. The Court held that the instruction denied the defendant due process of law because it created a presumption which may have shifted the burden of persuasion on the element of intent onto the defendant; that is, such an instruction would invade the province of the jury by instructing them that the law presumes criminal intent where a person acts voluntarily.

In the instant case, the trial judge at the post-conviction hearing determined that the instructions merely informed the jury it was entitled to infer malice and intent where it found certain facts to exist. Likewise, each instruction informed the jury that they may make inferences from the facts in evidence not that they must. We find no error in giving these instructions.

Appellant contends that fundamental error occurred when he stood trial in jail clothing. Again, this issue was fully discussed above, and we find no error.

Appellant finally contends that the errors raised above were not waived due to his failure to raise them during his direct appeal. As discussed above, Ind.R.P.C.R. 1 is not a substitute for a direct appeal, and issues available on direct appeal are considered waived for purposes of post-conviction relief. *Lane v. State* (1988), Ind., 521 N.E.2d 947. It is clear from the record that these issues were available on direct appeal but were waived. We find appellant's position without merit.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.