**Hector ORTIZ, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 45S00–8710–PC–944.

Supreme Court of Indiana.

Aug. 22, 1990.

Susan K. Carpenter, Public Defender, Debra M. Law, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

■ This is an appeal from the denial of post-conviction relief. In January of 1976, appellant was found guilty of First Degree Murder, for which he received a sentence of life imprisonment. That conviction was affirmed by this Court. *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188. The sole issue raised in this appeal from denial of post-conviction relief is a claim that the original trial court committed fundamental error when it gave its Final Instruction No. 7, which reads as follows:

"Malice may be implied from the nature of an act, as where the act resulting in the death of another is done purposely, without cause or justification; therefore, malice may be implied when it is shown that a killing was done purposely and without legal excuse or reasonable provocation; also from the intentional use of a deadly weapon in such a manner as was likely to and did produce death; also from any deliberate and cruel act against another, however sudden, which shows an abandoned or wicked heart. The inference of malice is rebuttable and is removed by facts tending to show, or which do show excuse or justification, and when and if this inference of malice fails, then you must look to all of the facts and circumstances of the case to determine whether malice existed or not."

The post-conviction court correctly held that because this matter was not raised in the original appeal, although it could have been raised, it was waived, citing *Haggenjos v. State* (1986), Ind., 493 N.E.2d 448.

■ However, appellant claims that fundamental error occurred in that the instruction unconstitutionally shifted the evidentiary burden to appellant, citing *Francis v. Franklin* (1985), 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 and *Sandstrom v. Montana* (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39.

Even if we assume for the sake of argument that the issue has not been waived, we nevertheless find that *Sandstrom* is not dispositive of the case at bar. In *Sandstrom*, the objectionable instruction stated:

"The law presumes that a person intends the ordinary consequences of his voluntary acts." *Id.* at 513, 99 S.Ct. at 2453, 61 L.Ed.2d at 44.

However, in the case at bar, the word "presumes" is not used in the instruction. Rather, the instruction uses the word "implied" and further states: "The *inference* of malice is rebuttable and is removed by facts tending to show...."

In *Francis*, the Supreme Court called attention to the difference between a mandatory presumption and a permissive inference and stated:

"A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved. Such inferences do not necessarily implicate the concerns of *Sandstrom*. A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury. (Citation omitted.) *Francis, supra* at 314-15, 105 S.Ct. at 1971, 85 L.Ed.2d at 353-54.

In the case at bar, Instruction 7 was not mandatory in its nature but instructed the jury that malice may be implied and that an inference is rebuttable. We find that the instruction in appellant's original case did not violate the principles set down three years later in *Sandstrom*.

The post-conviction court did not err in denying appellant relief. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.