Ronald PARKS, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 45A03–9007–PC–292.

Court of Appeals of Indiana,
Third District.

June 26, 1991.

---

Susan K. Carpenter, Public Defender, Hilary Reeve, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Petitioner-appellant Ronald Parks brings this appeal from the denial of his petition for post-conviction relief.

The facts relevant to the appeal disclose that on August 8, 1974, Parks and a co-defendant, James Edward Smith, were indicted for murder in the perpetration of a robbery and for murder in the first degree. On March 13, 1975, Smith entered into a plea agreement with the State and was sentenced to an indeterminate term of imprisonment of 15–25 years. Parks proceeded to trial in March 1975. The jury returned verdicts of guilty to murder in the perpetration of a robbery and involuntary manslaughter. Parks was sentenced to life imprisonment for the murder conviction. The involuntary manslaughter conviction was merged into the murder conviction and only one sentence was imposed.

Upon direct appeal, the supreme court affirmed Parks' conviction. *Parks v. State* (1976), 264 Ind. 538, 348 N.E.2d 21. In August 1983, Parks filed a petition for post-conviction relief alleging that his sentence constituted cruel and unusual punishment inasmuch as his co-defendant received a lesser sentence through a plea agreement. In September 1985, the State filed an answer to the petition alleging the defenses of waiver and laches. After Parks amended his petition in 1988 to include allegations of ineffective assistance of counsel, the State answered the amended petition raising the additional defense of *res judiciata.*

A hearing on post-conviction relief was held in August 1988. On March 21, 1990, the court denied relief in written findings of fact and conclusions of law. The court

determined that although the State had not sufficiently established that it would be extremely difficult or impossible to reprosecute Parks, Parks had unreasonably delayed in filing his petition. Also, the court found that Parks did not demonstrate that either trial counsel or appellate counsel was ineffective; consequently, he had waived his allegation that his sentence was cruel and unusual punishment because it was an issue which was known or should have been known at the time of direct appeal.

Parks raises two issues for review, which are as restated:

(1) whether the court erred in denying his petition for post-conviction relief because he was sentenced to a life sentence even though the co-defendant who was more culpable received a reduced sentence pursuant to a plea agreement; and

(2) whether the court erred in denying relief based upon his allegation that he received ineffective assistance of counsel.

On direct appeal the supreme court addressed the sufficiency of the evidence supporting his conviction and the legality of the sentence. *Parks, supra,* 348 N.E.2d at 22. The court noted that although Parks did not actually shoot the victim, Parks had held the victim's arms while the co-defendant shot the victim. Accordingly, the court determined that based on the evidence "the jury could well find that this was activity well within the range of active participation in the murder." *Id.* The court found that the life sentence imposed on the murder conviction was legal in that the trial court did not sentence Parks under the second conviction for the killing.

 Parks first contends that he was undeniably less culpable in the murder than was the co-defendant; consequently, his receipt of a greater sentence constitutes cruel and unusual punishment. Such is not the case. As determined by the supreme court on direct appeal, Parks' role in the murder could well have been deemed active participation. Also, even when a principal pleads guilty and the accessory chooses to proceed with a trial, the accessory is not entitled to a reduction in his sentence merely because the principal bargained for a sentence on a lesser charge.

> *See Combs v. State* (1973), 260 Ind. 294, 295 N.E.2d 366, 370–71;
>
> *cf. Games v. State* (1989), Ind., 535 N.E.2d 530, 543–44, *cert. den.* —— U.S. ——, 110 S.Ct. 205, 107 L.Ed.2d 158, *reh. den.* —— U.S. ——, 110 S.Ct. 523, 107 L.Ed.2d 523, (defendant's sentence after trial need not comport with co-defendant's negotiated plea agreement and sentence).

Further, this issue was available to Parks at the time of his direct appeal in 1976. Post-conviction relief is designed for errors not known at the time of the original appeal or errors otherwise unavailable at that time.

> *See Howey v. State* (1990), Ind., 557 N.E.2d 1326, 1328; *cf. Ortiz v. State* (1990), Ind., 558 N.E.2d 820.

Because the legality of Parks' sentence was addressed in one form on direct appeal, review may be barred under the doctrine of *res judicata. See Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1204–1205. Parks failed to present reversible error under the first issue.

Next, Parks claims that his trial and appellate counsel were ineffective. Parks contends that his trial counsel assured him that he could reject a plea agreement and proceed to trial without risking a greater sentence than that received by the co-defendant. At the post-conviction hearing, trial counsel testified that he did not remember the specifics of Parks' case. Parks' only evidence to support his claim was his own testimony. Parks' testimony was unclear about whether he spoke to the attorney about a plea agreement or whether messages about the plea agreement were relayed through Parks' mother. Further obfuscating the issue was Parks' testimony that after being stabbed the year prior to his testimony he had "died," consequently much of his memory was "wiped out." Upon further questioning he insisted that he had died, but that he could remember that fourteen years previously the at-

torney specifically informed him that he could not be sentenced to a greater term of imprisonment than that received by the co-defendant and that he would probably receive a reduced sentence by proceeding to trial.

A petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Howey, supra,* 557 N.E.2d at 1328. The court conducting the post-conviction proceedings is the sole judge of the evidence and the credibility of the witnesses. *Id.*

Parks urges this Court to adopt the reasoning found in *Turner v. Tennessee* (M.D.Tenn.1987), 664 F.Supp. 1113, holding that misadvising a defendant not to accept a guilty plea can form the basis of an ineffective assistance of counsel allegation. Parks' contention need not be addressed because as implicitly found by the post-conviction court, Parks did not establish by a preponderance of the evidence that the attorney counseled Parks on a plea agreement or the nature of any advice on the subject.

Additionally, Parks contends that his attorney's performance was deficient for failing to fully apprise Parks of his theory of defense on insanity. Parks claims that because he was not sure prior to trial that he would testify and that he was unclear on the theory of defense, some of his answers to questions posed by his attorney were not in keeping with his defense. It is difficult to determine Parks' complaint. Only truthful testimony by witnesses for either party, not answers tailored to the theory of the case, can be condoned.

Upon a challenge to the adequacy of legal representation, the petitioner must prove that his attorney's representation fell below an objective standard of reasonableness under prevailing professional norms. *Schiro, supra,* 533 N.E.2d at 1204. A petitioner must also demonstrate that the attorney's failure to function was so prejudicial that it deprived him of a fair trial. *Id.* A fair trial is denied when the conviction or sentence resulted from a breakdown in the adversarial process that caused an unreliable result. *Id.* To meet this burden of proof, a petitioner must overcome the strong presumption that counsel was prepared and executed the client's defense effectively. *Id.* at 1206. On appeal a court will not speculate as to the most advantageous strategy and isolated bad tactics or inexperience does not necessarily constitute ineffective assistance of counsel. *Id.* at 1206. The standard of review applies to both trial and appellate counsel. *See Kirby v. State* (1990), Ind.App., 550 N.E.2d 1343, 1345, *trans. den.* Parks has failed to overcome the presumption that counsel was effective. Parks' confusing testimony shed little light on the issues he was presenting.

Also as found by the post-conviction court, Parks failed to timely pursue relief. Although Parks' testimony was unclear as to when he became aware of post-conviction remedies, his testimony can be fairly interpreted to show that he had knowledge of the remedies in 1980. Parks did not file his first petition for post-conviction relief until 1983. Parks attributed some of the delay to the failure of a fellow inmate to assist Parks on post-conviction matters after the inmate had agreed to do so. Such delay is attributable to Parks. *See Horton v. State* (1987), Ind., 510 N.E.2d 648, 649 (prisoner representing himself with assistance from inmate does so at own peril if undue delay results).

The doctrine of laches applies when an intentional waiver of a known right, claim or privilege can be inferred. *See Perry v. State* (1987), Ind., 512 N.E.2d 841, 843. Application of the doctrine requires the State to prove by a preponderance of the evidence that the petitioner unreasonably delayed in seeking relief, and that the State has been prejudiced by the delay. *Id.* Repeated contacts with the criminal justice system, consultation with attorneys and incarceration in a penal institution with legal facilities are all facts from which the fact-finder may infer knowledge of the rights. *Id.* at 845. The State must present some objective facts from which knowledge of the right may be inferred. *Id.* The post-

conviction court's determination as to sufficiency of the evidence regarding knowledge will be affirmed if probative evidence to support the judgment exists. *Id.* The trial court determined that Parks' delay in asserting his post-conviction petition was unreasonable. However, laches may not bar relief in the present case inasmuch as the trial court determined that the State had not met its burden of establishing prejudice to a reprosecution of the charges.

Although laches does not bar Parks' claims, the foregoing resolution of the issues supports the post-conviction court's denial of relief. On the merits, Parks is not entitled to relief from the sentence imposed and Parks has not demonstrated that he was denied effective assistance of trial counsel or appellate counsel.

The post-conviction court's determination is affirmed.

Affirmed.

GARRARD and CHEZEM, JJ., concur.