**Teddy L. WARNER, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

**No. 20A03–9103–CR–00074.**

Court of Appeals of Indiana, Third District.

Aug. 29, 1991.

Judith G. Menadue, Elkhart, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Teddy Warner appeals his jury conviction for reckless homicide,[1] a Class C felony.

---

1. IND.CODE 35–42–1–5 (1988).

He presents three issues for our review, which we consolidate and restate as:

I. Whether the evidence was sufficient to prove Warner's conduct was reckless and the proximate cause of the victim's death.

II. Whether Warner received effective assistance of trial counsel, who did not object to a purportedly erroneous instruction nor tender instructions on lesser included offenses.

We affirm.

Warner was on his way to work on the afternoon of December 20, 1989, when he attempted to pass a vehicle on a four-lane city street. It had been snowing that day, and the road was slick and hazardous. After accelerating and abruptly changing lanes, Warner lost control of his car, crossed the center line of the street, and struck a van driven by Karen Ortiz. The Ortiz van was immediately hit by another vehicle. Karen's daughter, 8–year old Andrea Ortiz, died as a result of injuries suffered in the collision.

## I. *Sufficiency of the Evidence*

Warner claims the evidence is insufficient to satisfy the elements of the charged offense. Our standard of review on claims of sufficiency is well settled. We may not weigh evidence or assess witness credibility; rather, we are constrained to consider only the evidence most favorable to the verdict, together with all reasonable and logical inferences to be drawn from it. If there is substantial evidence of probative value to support the conclusion of the jury, the verdict will not be disturbed. *Clark v. State* (1990), Ind., 562 N.E.2d 11, 16.

■ In order to sustain its burden of proving the reckless homicide charge beyond a reasonable doubt, the State was required to show that the defendant voluntarily acted recklessly, not merely negligently, and that such conduct caused the death of another. *Taylor v. State* (1983), Ind.App., 457 N.E.2d 594. Warner takes issue with the recklessness and causation elements of the offense.

## A. *Recklessness*

■ Warner first contends that the evidence falls short of the quantum required to prove recklessness in the operation of his automobile, and that the evidence adduced at trial merely demonstrates negligence. The State responds that the evidence supports a finding of recklessness.

A person engages in conduct recklessly if that person "engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." IC 35–41–2–2(c). Such conduct will support a conviction for reckless homicide if it results in the death of another. IC 35–42–1–5; *McClaskey v. State* (1989), Ind., 540 N.E.2d 41.

Reviewing the evidence favorable to the conviction, we find ample support for the verdict. Although the posted speed limit at the scene of the collision was 35 miles per hour, a police officer testified that snow and ice had combined to create slick and hazardous driving conditions, and the maximum safe speed at that time was 20 miles per hour. Witnesses estimated Warner's speed at 40 to 50 miles per hour, and that he was driving erratically. One witness testified that Warner began to edge into her lane of traffic, smiled at her, and then returned to his lane before losing control of his vehicle. Another witness observed Warner "swerving through traffic, trying to pass cars." Record, p. 195. Still another witness noticed Warner "whip" out of his lane as if to pass, "fish-tailing" the automobile, and then regain control of his car before abruptly accelerating just prior to the collision. With the exception of Warner, motorists in the area had been travelling at speeds of between 20 and 25 miles per hour.

This evidence indicates Warner operated his vehicle with a plain, conscious, and unjustifiable disregard of the harm that might result. His actions were not merely negligent, but amounted to a "substantial deviation from acceptable standards of conduct." *See* IC 35–41–2–2(c). The finding

of recklessness is supported by sufficient evidence.

### B. *Causation*

We next turn to Warner's contention that it was not the manner in which he operated his vehicle that caused Andrea Ortiz's death, but the victim's failure to wear her seatbelt. The State asserts that Andrea's failure to wear the seatbelt was not such an extraordinary intervening cause as would operate to break the chain of criminal responsibility.

In order to sustain its burden of establishing the causation element in homicide prosecutions, the State need only show that the defendant's conduct contributed mediately or immediately to the death of another person. *Graham v. State* (1985), Ind.App., 480 N.E.2d 981, 989, *cert. denied* 479 U.S. 1007, 107 S.Ct. 646, 93 L.Ed.2d 702. In other words, the State must prove the defendant's recklessness is the direct and proximate cause of the victim's death. *Taylor, supra,* at 597 n. 6; *Reed v. State* (1979), 180 Ind.App. 5, 387 N.E.2d 82, *reh. denied.*

A finding of proximate cause embodies a value judgment as to the extent of the physical consequences of an action for which the actor should be held responsible. *Bowman v. State* (1990), Ind.App., 564 N.E.2d 309, *trans. pending.* Accordingly, "proximate cause questions are often couched in terms of 'foreseeability;' an actor is not held responsible for consequences which are unforeseeable." *Id.* at 313. It follows that, where an intervening cause is claimed as superseding the defendant's actions, the intervening cause must be unforeseeable to relieve the defendant of criminal liability. *Id.*

In *Bowman,* this court considered the precise question of whether the decedent's failure to wear her seatbelt constituted an intervening and superseding cause. *Id.* Determining that it was clearly foreseeable that a passenger in a motor vehicle might not wear a safety belt, we concluded that such conduct did not amount to a superseding cause of her death. *Id.* This result is all the more

applicable to the instant case because, unlike the defendant in *Bowman,* Warner merely supports his contentions with the conclusory statements that Andrea would not have suffered fatal injuries had she worn her seatbelt. Appellant's Brief, p. 17.

We find the evidence sufficient to prove beyond a reasonable doubt that Warner's recklessness was the direct and probable cause of Andrea Ortiz's death.

### II. *Ineffective Assistance of Trial Counsel*

Warner maintains that he was denied effective assistance of trial counsel, claiming his attorney's failure to object to a jury instruction and failure to tender instructions on lesser included offenses amounted to deficient performance warranting reversal of his conviction. In order to prevail on a claim of ineffective assistance, a defendant must first show that counsel's performance was deficient, and then establish the manner in which the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Askew v. State* (1986), Ind., 500 N.E.2d 1219, *reh. denied.* Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Van Evey v. State* (1986), Ind., 499 N.E.2d 245. Great deference is given to the discretion afforded counsel in making tactical and strategic decisions in representing his client's cause. *Hicks v. State* (1990), Ind.App., 557 N.E.2d 677, 679.

### A. *Failure to Object to Instruction*

Warner alleges that his trial counsel neglected to object to an instruction Warner claims is an erroneous statement of the law. Alternatively, Warner claims the trial court committed fundamental error in so instructing the jury, resulting in a denial of his constitutional rights.

The instruction at issue states:

You are instructed that where culpability is required to make an act an offense, such as in the charge preferred against the defendant, it is not always possible to prove a purpose by direct evidence, since purpose and intent are subjective facts,

that is, they exist within the mind of man, and since you cannot delve into a person's mind and determine his purpose and intent, you may look to all the surrounding circumstances, including what was said and done in relation thereto. You may, however, infer that every person intends the natural and probable consequences of his voluntary acts, unless the circumstances are such to indicate the absence of such intent.

When an unlawful act, however, is proved to be knowingly done, no further proof is needed on the part of the State in the absence of justifying or excusing facts.

Record, p. 55.

Warner argues this instruction relieves the State of its burden of proof on an essential element of the charged crime, in contravention of *Sandstrom v. Montana* (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 and *Francis v. Franklin* (1985), 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344. In *Sandstrom*, the United States Supreme Court rejected an instruction stating that the law presumes that a person intends the ordinary consequences of his voluntary acts, while the *Francis* court rejected a similar mandatory, though rebuttable, presumption of intent.

■■■ A portion of this instruction allows the jury to merely *infer* that a person intends the natural and probable consequence of his voluntary acts, and is not a *Sandstrom* violation. *See Ortiz v. State* (1990), Ind., 558 N.E.2d 820. Warner, however, contends that the last paragraph of the instruction impermissibly allows the burden of producing evidence to shift and remain with the defendant once the State makes a prima facie case. We disagree.

This language merely informs the jury that, once the State has established the culpability element of the offense, it need not put on additional evidence unless facts are elicited justifying or excusing the criminal act, whether these facts are elicited by the State or the defendant. The instruction clearly does not require the defendant to do anything.

Warner also contends the same language requires him to prove an affirmative defense beyond a reasonable doubt. The most torturous interpretation of this jury charge would not support this contention. The words "affirmative defense" and "reasonable doubt" do not even appear in this instruction. Nor do we believe the instruction could have misled the jury as to the definition of "recklessness," given the detailed explanation of that term contained in final jury instructions eight and nine. Record, pp. 47–48. Taking the instructions as a whole, we cannot agree that the instruction in question misstates the law. *See Hicks, supra,* at 678.

Accordingly, it was not fundamental error to give the aforementioned instruction, and Warner's trial counsel was not negligent in failing to object to the same.

### B. *Instructions on Lesser Included Offenses*

For his final allegation of error, Warner argues that his trial counsel was ineffective for failing to offer instructions on the lesser included offenses of criminal recklessness [2] and reckless driving.[3] The State acknowledges that the evidence adduced at trial could have supported the instructions, but denies that Warner was prejudiced by his failure to tender them.

■■■ An instruction on a lesser included offense is appropriate when the evidence is subject to the interpretation not only that the lesser offense was committed, but that the greater offense was not committed. *Smedley v. State* (1990), Ind., 561 N.E.2d 776, 781. The failure to request such an instruction will not warrant reversal where the facts support the conviction for the greater offense. *Best v. State* (1982), Ind.App., 439 N.E.2d 1361. As we have determined, the evidence is sufficient to support the conviction for reckless homi-

---

2. IC 35–42–2–2.

3. IC 9–4–1–56.1.

cide. The distinguishing element between the crime charged and the lesser offenses is the death of another human being. IC 35–42–1–5. It is not disputed that this distinguishing element was established. Therefore, Warner was not prejudiced by his trial counsel's decision not to tender instructions on lesser included offenses. Lacking prejudice, Warner is unable to satisfy the second prong of the test for ineffective assistance of counsel. *Strickland, supra,* 466 U.S. at 691, 104 S.Ct. at 2066.

The conviction is affirmed.

GARRARD and SHARPNACK, JJ., concur.