**Robert GREEN, Jr., Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

**No. 19A01–9407–CR–238.**

Court of Appeals of Indiana.

May 22, 1995.

Scott A. Blazey, Lytton and Ripstra, Jasper, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

Robert Green, Jr., appeals convictions, after a jury trial, of two counts of Reckless Homicide for which he received enhanced, concurrent, eight-year sentences. Green raises four issues, none of which constitute reversible error.

## FACTS

The facts in the light most favorable to the verdict reveal that on the evening of May 14, 1993, Green had been driving a car with three passengers after having consumed alcohol. Green drove the car approximately 100 miles per hour around a curve, crossed the center line, and struck an embankment. The car flew eighty feet through the air, landed, and began rolling. Two of Green's passengers were killed in the accident.

## DECISION

### I.

### SUFFICIENCY OF EVIDENCE

■ Green argues the evidence demonstrates that he was not reckless, but merely negligent, in causing the accident. The appellate standard of reviewing the sufficiency of evidence is well-settled. The reviewing court will neither reweigh the evidence nor resolve questions of credibility, but will look only to the evidence most favorable to the judgment, along with all reasonable inferences to be drawn therefrom. *Collins v. State* (1984), Ind., 464 N.E.2d 1286, 1288. If, from that perspective, the court finds sufficient evidence of probative value from which a reasonable trier of fact could have concluded that the defendant was guilty beyond a reasonable doubt, the conviction will be affirmed. *Id.*

■ The term "recklessly" is defined as follows:

A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct.

Ind.Code 35–41–2–2(c). The operation of a car at an unreasonably high rate of speed may sufficiently support a conviction of reckless homicide. *Taylor v. State* (1983), Ind. App., 457 N.E.2d 594, 598.

■ In the present case, Green drove the car around a corner at approximately 100 miles per hour. The jury could reasonably find that this speed was unreasonable. Therefore, the evidence is sufficient that Green's conduct that resulted in the deaths of his two passengers was reckless and we find no error.

### II.

### *The Refusal of Green's Tendered Instruction #5*

Green asserts that had the victims been wearing their seat-belts, they would have survived the accident. He argues that the victims' failure to wear their seat-belts was an intervening, superseding cause relieving him of criminal liability and the trial court erred in refusing his tendered instruction #5 which read as follows:

An intervening cause is an independent force that breaks the causal connection between the actions and/or omissions of the Defendant and the injury.

■ The test for reviewing the propriety of a trial court's decision to refuse a tendered instruction is 1) whether the instruction correctly stated the law; 2) whether there was evidence in the record to support the giving of the instruction; and 3) whether the substance of the tendered instruction was covered by other instructions given by the court. *Evans v. State* (1991), Ind., 571 N.E.2d 1231, 1236. Where the defendant claims an intervening cause supersedes his actions relieving him of criminal liability, the intervening cause claimed must have been unforeseeable. *Warner v. State*

**310**

(1991), Ind.App., 577 N.E.2d 267, 270. It is clearly foreseeable that a passenger in a motor vehicle might not wear a seat-belt. *Id.* Therefore, the failure of the victim to wear a seat-belt cannot constitute an intervening, superseding cause relieving a defendant from criminal liability for reckless homicide. *Id.*

█ *Warner* controls. The failure of Green's passengers to wear seat-belts was foreseeable and could not constitute an intervening, superseding cause of their deaths. Therefore, as there was no evidence to support Green's tendered instruction #5, the trial court did not err in refusing it.

### III.

### SPEEDY TRIAL

Green moved for an early trial under Ind. Crim.R. 4(B) on July 14, 1993. The trial court scheduled trial for September 29, 1993, outside the seventy day time period contemplated by the rule. Green made no objection until October 1, 1993.

█ When a defendant has moved for an early trial under C.R. 4(B) and the trial court sets the trial on a date outside the 70 day period, the defendant waives his C.R. 4(B) rights by failing to object to the setting of the trial date outside the 70 day period. *James v. State* (1993), Ind.App., 622 N.E.2d 1303, 1306. Such acquiescence constitutes a complete abandonment of an early trial motion. *Id.*

Green acquiesced in the setting of the trial date beyond the 70 day period. Therefore, we find no error.

### IV.

### SENTENCING ERROR

Green argues the enhanced eight-year sentence is manifestly unreasonable. He points out that 1) the victims were not wearing their seat-belts, 2) he is working on his GED, and 3) he is putting forth efforts to quit drinking.

█ The standard of reviewing a sentence is well established. Sentencing is conducted within the discretion of the trial court and will be reversed only upon a showing of a manifest abuse of that discretion. *Sims v. State* (1992), Ind., 585 N.E.2d 271, 272. It is within the discretion of the trial court to determine whether a presumptive sentence will be increased or decreased because of aggravating or mitigating circumstances. *Id.* A sentence authorized by statute will not be revised unless the sentence is manifestly unreasonable. *Id.* A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. *Id.*; Ind.Appellate Rule 17(B)(2). The trial court record must disclose the factors considered in justifying an enhancement of a presumptive sentence. *Boyd v. State* (1991), Ind., 564 N.E.2d 519, 524. Only one valid aggravator is needed to sustain an enhanced sentence. *Reaves v. State* (1992), Ind., 586 N.E.2d 847, 852. Although the trial court must consider the mitigating circumstances offered by the defendant, the finding of mitigating circumstances is within the trial court's discretion. *Aguirre v. State* (1990), Ind., 552 N.E.2d 473, 476.

█ In the present case, the trial court included Green's criminal history as an aggravating factor justifying the enhancement of his sentence. The record discloses that Green had accumulated convictions of burglary, conversion, auto theft, and contributing to the delinquency of a minor. The trial court's reliance on Green's criminal history sufficiently supports the sentence enhancement. Green's crime ended the lives of two young people: the eight-year sentence does not strike us as manifestly unreasonable. Therefore, we find no error.

Judgment affirmed.

NAJAM and DARDEN, JJ., concur.