**Darrelyn McCLOUD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–9708–CR–556.

Court of Appeals of Indiana.

July 21, 1998.

---

William D. McCarty, Anderson, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rachel Zaffrann, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Darrelyn McCloud appeals his conviction by jury of possession of cocaine within 1,000 feet of school property, a class B felony, and possession of marijuana, a class A misdemeanor. We reverse.

### ISSUE[1]

Whether the trial court committed reversible error when it allowed the admission of evidence about McCloud's arrest on other charges under the "mistake" exception of Indiana Evidence Rule 404(b).

### FACTS

Shortly after midnight on July 7, 1995, Officer Clendenen and Officer Sigler of the

Anderson Police Department were on routine patrol in a marked police vehicle at 16th and Arrow Streets. Officer Clendenen observed two men in a lot behind a tavern who appeared to be engaged in a drug transaction: one held his hand cupped as though containing something, and the other gestured toward that hand. The former, McCloud, started to walk away, and the officers stopped the car next to him and asked to talk to him. McCloud began to run. Clendenen followed on foot, calling "stop, police" several times. (R. 150). McCloud continued his flight. Keeping McCloud in the beam of his flashlight, Clendenen saw him put his left hand in his pants pocket. McCloud fell on the sidewalk. Clendenen aimed the flashlight beam at McCloud's left side because he "didn't know what he was reaching for," (R. 151), and saw "a plastic baggie hanging out of the side of his hand." (R. 153). McCloud got up, tossed the baggie to the ground, took a few more steps, and was then tackled by Clendenen. Thereafter, Clendenen found a plastic baggie containing marijuana where McCloud had fallen and a plastic baggie containing cocaine nearby.

McCloud was charged with possession of cocaine within 1,000 feet of school property, possession of marijuana, and resisting law enforcement. After a jury trial in April of 1996, he was convicted of resisting, but the jury "deadlocked 7–5" on the other two charges. (R. 4).

Subsequently, on October 25, 1996, Anderson Police Department officers at 16th and Arrow observed McCloud engaged in what appeared to be drug transactions. McCloud ran. When stopped by a police dog, cocaine was found in his jacket sleeve.

Immediately before the instant trial in April of 1997, which was a retrial of the July 7, 1995 possession charges, the trial court conducted a hearing on the State's motion in limine to bar McCloud from discussing why he had a crutch.[2] Before the conclusion of that hearing, the court informed McCloud that if he "once again" advanced the defense

---

1. Because we find this issue dispositive, we reach neither McCloud's claim of ineffective assistance of counsel in this regard nor his claim of impermissibly restricted cross-examination.

2. Apparently McCloud was injured during the course of the October 1996 arrest and was using a crutch during the course of the instant trial.

that "there was trash and debris on the ground" where he fell, then he would be asserting "mistake," which would "make[ ] the second arrest [of October 1996] and the cocaine that was found in his pocket admissible under [Ind. Evidence Rule] 404(b)." (R. 83). The trial court further advised that "if you tell the Jury it is a mistake[,] that the officers made an error[,] then that is one of the triggers in [Evid. R.] 404(b) and that other incident" of October 1996 would be admissible. (R. 85). A third time, the trial court stated that "if you start talking about mistake, inadvertence, start talking about the cops are picking on me," then the State would be able to introduce evidence about the October 1996 arrest. (R. 90). When McCloud's counsel asked whether a reference to debris in the area where McCloud fell would "open[ ] the door," the trial court said it would,

> because that is mistake. The officer made a mistake. "He didn't pick up what he said he saw the man drop, he picked up something that somebody else dropped." That is mistake. The officer testified, "I saw him drop it and I picked it up." But you said, "but isn't there debris in the area" "Yes there is." "Trash?" "Yes there was." So the argument was made, "that could have been put there by someone else." Which is a perfectly good argument. I don't have a problem with that. That is real good lawyering. The problem now is if you do that the second incident is admissible because it is not a mistake. The dude had dope on him the second time [if the evidence indeed shows that to have been the case].

(R. 91).

. At trial, the trial court found that "the [Evid. R.] 404(b) test ha[d] been met," (R. 225), by defense counsel's cross-examination of Clendenen regarding (1) Clendenen's failure to ask McCloud if the baggies were his; (2) McCloud's falling with his hand in his pocket yet being uninjured; and (3) the area where the drugs were found being unkempt. Accordingly, the trial court ruled that testimony about the October 1996 incident would be allowed. Thereafter, the canine officer who handled the dog that stopped McCloud

in October of 1996 and the officer who retrieved the cocaine from McCloud's jacket both testified. A third officer testified as to the chain of custody of the substance retrieved from McCloud in October, 1996. Finally, the police chemist testified that the substance retrieved in October, 1996, was .86 g. of cocaine.

In its closing argument, the State explained that evidence of the October 1996 incident could be considered as follows:

> It is not an accident or a big coincidence that this man just happened to be at 16th & Arrow, just happened to have cocaine [i]n his possession on those two occasions, but hey July 1995, big mistake, wasn't mine. Even though the officer saw it in his hand and found the drugs right where Mr. McCloud dropped them.

> Let him go. Send him on his way. Send him back to 16th & Arrow. You as a jury send that man back to 16th & Arrow. He is arrested and convicted in 1991 for being at 16th & Arrow flagging down cars and having cocaine in his possession. In July of 1995 he is arrested for possessing cocaine and marijuana at 16th & Arrow. And while out on bond in October of 1996 the people, the residen[ts] of 16th & Arrow, that area, again have that man in their vicinity again flagging down people, by his own admission, flagging down somebody with cocaine and marijuana in his possession.

> When [defense counsel] and Mr. McCloud gave you this magical defense of mistake, "you got a bunch of lying police officers and it is a big mistake" that evidence comes right in front of the jury. But to prove whether or not he had it in his hand in July of 1995, no, but it proved that it wasn't a mistake that the drugs found right where he fell and right where he tossed the baggie were his. That is why it was introduced and that is what it proves. This man is guilty, . . . .

(R. 480–81; R. 498; R. 499–500). The trial court instructed the jury that evidence that McCloud committed a crime other than those charged was "not admissible as proof" he committed the crimes charged but only "to show lack of mistake." (R. 505). The jury

convicted McCloud of both counts, possession of cocaine within 1,000 feet of school property and possession of marijuana.

## DECISION

■ McCloud claims the trial court improperly admitted the evidence of his October 1996 arrest for possession of cocaine, which evidence created the forbidden inference that he committed the crimes charged, thereby substantially affecting his right to a fair trial and constituting reversible error. We agree.

Indiana Evidence Rule 404(b) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, . . . .

The purpose of the rule is to prevent the jury from assessing a defendant's present guilt on the basis of past propensities, the so called "forbidden inference." *Hicks v. State*, 690 N.E.2d 215, 219 (Ind.1997).

Indiana law defines a mistake of fact defense as follows: "that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for commission of the offense." Ind.Code § 35–41–3–7. In the case of *Sureeporn Roll v. State*, 473 N.E.2d 161, 166 (Ind.Ct.App.1985), this court held that the mistake of fact defense

> is available where the defendant, acting under a reasonable and honest mistake concerning a fact or facts; commits an act which, if the facts were as the defendant believed them to be, would not be criminal.

In other words, the defense involves the mental state of the defendant. A mistake of fact defense requires the defendant to convince the court that *his* mistake was (1) honest and reasonable, (2) about a matter of fact, and (3) the mistake negated the culpability required to commit the crime. *Potter v. State*, 684 N.E.2d 1127, 1135 (Ind.1997).

Here, McCloud did not affirmatively plead the defense of mistake of fact; nor did he claim that there were baggies on his person of which he was reasonably unaware, or that he possessed baggies which he reasonably believed to contain some innocuous substance. Therefore, McCloud argues, the exceptions of Evid. R. 404(b) are not available because he did not "go[ ] beyond merely denying the charged crime[ ] and affirmatively present a specific claim contrary to the charge," citing *Sundling v. State*, 679 N.E.2d 988, 993 (Ind.Ct.App.1997). The State argues that *Sundling* was implicitly overruled by a footnote in *Hicks*, 690 N.E.2d at 221 n. 12, holding that only for the intent exception of Evid. R. 404(b) must a defendant have initially advanced an affirmative defense. Even if, as the State argues, *Hicks* does indeed hold that evidence of other bad acts to show motive, preparation, plan, knowledge or identity may be admissible without the defendant having presented a specific contrary defense, we cannot accept the trial court's interpretation of "mistake" under Evid. R. 404(b).

As McCloud argues, the interpretation given by the trial court to admissibility under Evid. R. 404(b) for "mistake" would mean that any time a defendant asserts an error on the part of the State's witnesses he has asserted a defense of mistake which makes admissible his record of similar offenses to counter his challenge to the State's evidence. We agree that such would be an absurd result in that it would make the admission of evidence of other crimes the norm rather than the exception. Consequently, we hold that the trial court's finding that evidence of the October 1996 incident was admissible pursuant to "mistake" under Evid. R. 404(b) simply because McCloud challenged Officer Clendenen's version of what happened on July 7, 1995, to be erroneous.[3,4]

---

3. This comports with *U.S. v. Merriweather*, 78 F.3d 1070 (6th Cir.1996), where the absence of mistake on the part of the government was held not to constitute a legitimate basis to admit other acts evidence under Federal Evidence Rule 404(b).

4. The State argues that McCloud's counsel opened the door for evidence about the October

The State further contends that even if admission of evidence about the October 1996 incident was erroneous, the error was harmless because the conviction is supported by substantial independent evidence of guilt, citing *Headlee v. State*, 678 N.E.2d 823, 826 (Ind.Ct.App.1997), *trans. denied.* In that regard, *Headlee* explained the harmless error analysis for the improper admission of evidence as follows:

> An error is not harmless if it prejudices the defendant's substantial rights. To determine whether the defendant's substantial rights were prejudiced, we must assess the probable impact of the improperly admitted evidence upon the jury. The improper admission of evidence is harmless error when the conviction is supported by substantial independent evidence of guilt sufficient to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction.

*Id.*, citing *Bonner v. State*, 650 N.E.2d 1139, 1141 (Ind.1995). Moreover, if the erroneously admitted evidence had substantial influence, or if we are left in grave doubt, the defendant's conviction cannot stand. *Id.* at 827, citing *Hardin v. State*, 611 N.E.2d 123, 132 (Ind.1993).

McCloud argues that the record indicates the only evidence presented at the instant retrial which was not presented to the jury which deadlocked 7–5 in the first trial on whether McCloud possessed the cocaine and marijuana on July 7, 1995, is the evidence about McCloud's arrest in October of 1996. However, this contention does not directly address the probable impact of this evidence on the jury. *See Headlee.* We find the sheer quantity of testimony the jury heard about the 1996 arrest to be significant in our assessment of probable impact. Further, the trial court's instruction about mistake allowed the jury to consider the evidence about the October 1996 incident for the purpose the

State emphatically urged in its closing, i.e., to show that Officer Clendenen was not mistaken in what he said he saw McCloud do and his finding of the drugs. Accordingly, we conclude that the erroneously admitted evidence about the October 1996 incident had a substantial likelihood of contributing to the jury's verdict finding McCloud guilty of possession on July 7, 1995, and those convictions cannot stand. *See Hardin.* Therefore, we reverse the convictions and remand for a new trial.

GARRARD and MATTINGLY, JJ., concur.

---

1996 incident by questioning Clendenen's statement that McCloud was not injured when he fell. As counsel responded to the trial court, the July 1995 arrest "was almost two (2) years ago and nothing that I said indicated that his current injury had anything to do with that matter." Further, the numerous indications by the trial court before trial began that its interpretation of "mistake" under Evid. R. 404(b) would provide for admitting evidence about the October 1996 incident upon any challenge to the State witnesses' version of events made nearly inevitable the admission of this evidence. Consequently, the State's argument cannot prevail in this case.