Denny A. WAGES, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 22A04–0606–CR–316.

Court of Appeals of Indiana.

March 30, 2007.

Rehearing Denied May 4, 2007.

Michael J. McDaniel, New Albany, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Denny Wages appeals the trial court's denial of his motion to exclude evidence the State wishes to present during his trial for three counts of Class C felony reckless homicide. We affirm.

### Issue

The sole issue before us is whether the trial court properly decided to allow the State to present evidence that Wages was driving erratically before he crashed head-on into another vehicle.

### Facts

On June 25, 2004, Wages was traveling west on U.S. Highway 150 in Floyd County, which apparently is a two-lane highway at that point. Wages attempted to pass a car in his lane but struck an approaching

vehicle in the opposite lane head-on. The other vehicle's three occupants were killed. Wages asserts that he was in a passing zone when he attempted the pass, that he was not exceeding the speed limit at the time of the crash, and that he tested negative for any alcohol or illegal drug consumption.

The State charged Wages with three counts of Class C felony reckless homicide. On August 9–12, 2005, a jury trial was held that resulted in a hung jury. The State expressed its intention to retry Wages.

After seeing a news report of the trial's conclusion, Cathy Kern contacted the Floyd County Police Department to report that she had seen a vehicle matching the description of Wages's truck being driven erratically shortly before the accident. Kern had been unaware that Wages was being prosecuted. She gave a videotaped statement to police in which she said that she noticed the truck "zipping" in and out of traffic, that it appeared to be traveling at an excessive rate of speed, and that it passed in a no-passing zone a line of three cars, including Kern's, that were traveling at the speed limit. Tr. p. 9. Sometime after the truck passed Kern, she came upon the immediate aftermath of the wreck[1] and recognized Wages's truck as the one that was being driven erratically shortly before.

The State informed Wages that it intended to present Kern as a witness during the retrial. Wages moved to exclude Kern's expected testimony as irrelevant, unfairly prejudicial, and improper evidence of prior bad acts. On April 17, 2006, the trial court denied Wages's motion to exclude Kern's testimony. The trial court certified its order for interlocutory appeal and this court has accepted jurisdiction pursuant to Indiana Appellate Rule 14(B).

### Analysis

Wages argues that Kern's expected testimony should be deemed inadmissible under three Indiana Rules of Evidence: Rule 401 governing relevancy, Rule 403 governing unfairly prejudicial evidence generally, and Rule 404(b) governing evidence of prior bad acts. Because Kern's expected testimony specifically addresses alleged prior bad acts by Wages before the wreck occurred, Rule 404(b) is the focus of our analysis.[2] Rule 404(b) states in part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

When addressing the admissibility of evidence under Rule 404(b), courts must utilize a two-prong analysis. *Scalissi v. State*, 759 N.E.2d 618, 623 (Ind.2001). First, the court must assess whether the evidence has some relevancy to a matter at issue other than the defendant's propensity to commit the charged act. *Id.* Second, the court must weigh the probative value of the evidence against its prejudicial effect, pursuant to Evidence Rule 403. *Id.* We will reverse a trial court's determination of admissibility only for an abuse of discretion. *Id.*

---

1. The vehicles were still rolling from the force of the impact when Kern came upon the scene.

2. Before the trial court, Wages argued that Kern's statement to the police was insufficient to identify Wages as the driver of the truck she saw being driven erratically shortly before the accident. Wages does not raise this issue on appeal.

Indiana courts have emphasized the distinction between negligent and reckless conduct when it comes to imposing criminal liability for reckless homicide based on a death caused by an automobile wreck. " 'Proof that an accident arose out of the inadvertence, lack of attention, forgetfulness or thoughtfulness of the driver of a vehicle, or from an error of judgment on his part, will not support a charge of reckless homicide.' " *Whitaker v. State,* 778 N.E.2d 423, 425 (Ind.Ct.App.2002), *trans. denied* (quoting *Beeman v. State,* 232 Ind. 683, 690, 115 N.E.2d 919, 922 (1953)). On the other hand, " 'A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct.' " *Id.* (quoting Ind.Code § 35–41–2–2).

In determining whether a defendant's driving was reckless as opposed to merely negligent, courts have considered evidence of erratic driving by the defendant immediately preceding a wreck; one such case is *Warner v. State,* 577 N.E.2d 267 (Ind.Ct.App.1991). There, the defendant caused a fatal accident when he attempted to pass a car on a snowy street. The defendant was convicted of reckless homicide and appealed, contending there was insufficient evidence that he had driven recklessly. We affirmed. In particular, we noted the testimony of several witnesses who had observed the defendant's driving shortly before the accident, which included driving at excessive speeds for the snowy conditions, "swerving through traffic," and "fish-tailing" his automobile. *Id.* at 269. Thus, in *Warner* we did not consider in isolation only the defendant's driving at the precise moment of the accident; instead, we also considered, as relevant, evidence of his erratic and reckless driving immediately before the accident. In other words, it is not necessary to view a fatal accident strictly in isolation, and the defendant's final driving maneuver that caused the accident is not the only relevant piece of evidence in determining whether he or she was driving recklessly.

Additionally, we conclude Evidence Rule 404(b) permits the admission of such relevant evidence in a reckless homicide prosecution. Among other things, the rule does not bar evidence of uncharged acts that are "intrinsic" to the charged offense. *Lee v. State,* 689 N.E.2d 435, 439 (Ind.1997). "Other acts are 'intrinsic' if they occur at the same time and under the same circumstances as the crimes charged." *Holden v. State,* 815 N.E.2d 1049, 1054 (Ind.Ct.App.2004), *trans. denied.* By contrast, the paradigm of inadmissible evidence under Rule 404(b) is a crime committed on another day in another place, evidence whose only apparent purpose is to prove the defendant is a person who commits crimes. *Howard v. State,* 761 N.E.2d 449, 452 (Ind.Ct.App. 2002), *trans. denied* (quoting *Swanson v. State,* 666 N.E.2d 397, 398 (Ind.1996)). "Evidence of happenings near in time and place that complete the story of the crime is admissible even if it tends to establish the commission of other crimes not included among those being prosecuted." *Bocko v. State,* 769 N.E.2d 658, 664–65 (Ind.Ct. App.2002), *trans. denied.*

Kern's statement to police did not indicate precisely how much time passed from the time she last observed Wages's erratic driving until she came upon the immediate aftermath of the accident. Because this is an interlocutory appeal, we do not know exactly what Kern's trial testimony will be, but it would appear from the gist of her statement to police that the time period was a matter of minutes, if not seconds. Assuming this would be her testimony, the time period is sufficiently brief to allow Kern's testimony as evidence of conduct on Wages's part that was "intrin-

sic" to the wreck and the reckless homicide charges. *See Sanders v. State*, 724 N.E.2d 1127, 1131 (Ind.Ct.App.2000) (holding that evidence the defendant had propositioned minor for sex a few hours before molesting her was "intrinsic" to the child molesting charge). Wages's driving shortly before the accident occurred at roughly the same time and under the same circumstances as the wreck itself. Evidence of such driving also would give the jury a more complete and accurate story of the fatal accident than merely focusing on Wages's final ill-fated decision to attempt the pass. *See Bocko*, 769 N.E.2d at 664–65.

■ Additionally, one of the express purposes for admitting evidence of prior bad acts under Rule 404(b) is to prove "absence of mistake or accident." This part of the rule has been described as " 'simply a special form of the exception that permits the use of other crimes to prove intent.' " Miller, *Courtroom Handbook on Indiana Evidence* at 80 (2007) (quoting 22 Wright & Graham, *Federal Practice and Procedure: Evidence* § 5247, at 517–18 (1978)). Indeed, "intent" is not at issue in this case, but the difference between the mens reas of recklessness and negligence is. Although we do not have the transcript of Wages's first trial before us and his second has not yet been held, it seems clear that his sole defense to the reckless homicide charges is that the wreck was an "accident," or in other words that he acted at most negligently, not recklessly, in causing the wreck.[3]

We conclude it would be appropriate for the State to present evidence of Wages's erratic driving before the wreck, using Kern's testimony to rebut any claim that

Wages's fatal attempt at passing without adequately checking for oncoming traffic merely was a negligent and isolated lapse of judgment. Instead, Kern's testimony would support the conclusion that Wages's final driving maneuver was the culmination of a series of acts that were closely related in time and circumstances, and which evinced conscious disregard of an unjustifiable risk. Kern's testimony will not be used for the purpose of proving that Wages generally is a reckless driver, but that he was driving recklessly on this particular occasion, immediately before the wreck. Such testimony would be admissible to prove the wreck was no "accident," but the result of Wages's ongoing reckless and erratic driving.

■ We also believe that Kern's expected testimony does not appear to be so unfairly prejudicial that it must be excluded under Evidence Rule 403, which allows a trial court to exclude evidence whose probative value is "substantially outweighed" by the danger of unfair prejudice. We note that all relevant evidence necessarily is "prejudicial" in a criminal prosecution. *State v. Seabrooks*, 803 N.E.2d 1190, 1193 (Ind.Ct.App.2004) (quoting *Carter v. State*, 766 N.E.2d 377, 382 (Ind.2002)). The danger of unfair prejudicial impact arises from the potential for a jury to substantially overestimate the value of the evidence, or its potential to arouse or inflame the passions or sympathies of the jury. *Id.* at 1193–94.

Here, Kern's expected testimony would suggest that during one car trip, Wages was driving erratically for some reason, and that his final, fatal driving maneuver was likewise erratic, rather than an isolat-

---

**3.** It is unclear whether, under the "absence of mistake or accident" prong of Rule 404(b), the defendant must first affirmatively claim that he or she did something mistakenly or accidentally before the State can invoke that prong to introduce evidence of other wrongs.

*See McCloud v. State*, 697 N.E.2d 96, 99 (Ind. Ct.App.1998). We are somewhat hamstrung by the interlocutory nature of this appeal, but it does appear, as far as we can tell, that Wages is affirmatively claiming that the wreck was an "accident."

ed misjudgment. We cannot say such testimony would be *unfairly* prejudicial to Wages. It is evidence of his driving conduct shortly before the accident, not evidence unrelated to his driving. It also is not evidence of his driving at another time and place. It would not suggest an improper basis for convicting Wages. Kern's testimony has the potential to be highly prejudicial to Wages, but it is *properly* prejudicial, which counts in the Rule 403 balancing test towards the evidence's probative value, not unfair prejudice. *See Walker v. Cuppett,* 808 N.E.2d 85, 101 (Ind.Ct.App.2004).

### Conclusion

The trial court did not abuse its discretion in ruling that Kern will be permitted to testify as to her observations of Wages's driving shortly before the fatal wreck. We affirm.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.