**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRANDON E. MURPHY**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GEORGE H. GLAWSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 05A05-1309-CR-478 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BLACKFORD SUPERIOR COURT
The Honorable Nick Barry, Judge
Cause No. 05D01-1304-FD-164

**May 9, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

George Glawson appeals his conviction and sentence for Class D felony failure to return to lawful detention. We affirm.

## Issues

Glawson raises two issues, which we restate as:

I.      whether the trial court properly admitted testimony about a car accident and flight from the scene of the accident into evidence; and

II.     whether his three-year sentence is inappropriate.

## Facts

In April 2013, Glawson was participating in a home detention program in Blackford County following a conviction for Class A misdemeanor resisting law enforcement. Glawson had been informed of the rules of the home detention program, which provided in part:

> Going outside the interior living area of your home, visiting any other residence or property (including stores) is prohibited without approval from a staff officer. When traveling to and from an approved location, you shall travel the most direct route and not stop at any other location.

Ex. 1. Glawson was also informed:

> If you knowingly or intentionally fail to return to a lawful detention following temporary leave granted for a specific purpose or limited period, you may be subject to prosecution for the crime of Failure to Return to Lawful Detention (a Class D felony) . . . .

Id.

2

Glawson was given permission to do some work at Larry McKinney's house in Montpelier on April 13, 2013, from 3:00 p.m. to 7:00 p.m. Although McKinney provided written documentation about the arrangement, he forgot about his plans with Glawson and was not at home that afternoon.

At 3:12 p.m., Glawson left his home in Hartford City. At 5:47 p.m., Delaware County Sheriff's Deputy Tim Mitchell responded to the scene of an accident north of Muncie. Deputy Mitchell saw a grey car driven by Glawson with front end damage and a flat tire. Two other vehicles were involved in the accident. When Deputy Mitchell approached Glawson's car, Glawson tried to get out of the car but could not open the door. Glawson then fled in the car. Deputy Mitchell followed Glawson, who had a difficult time controlling the vehicle. Glawson drove a "couple miles," lost control of his vehicle, and struck two other cars. Tr. p. 66. Glawson was partially ejected from his car, was unconscious when he was transported the hospital, and did not return home by 7:00 p.m. Glawson was not given permission to go to Muncie that day.

The State charged Glawson with Class D felony failure to return to lawful detention. At trial, Glawson argued that he did not have the intent to commit the crime because he was unconscious. He objected to testimony about the first accident and his flight from the scene on the basis that it violated Indiana Evidence Rule 404(b). His objection was overruled, and a jury found him guilty as charged.

In sentencing Glawson, the trial court considered Glawson's criminal history and his previous probation violations as aggravators. The trial court did not find any

mitigators. The trial court sentenced Glawson to three years in the Department of Correction. Glawson now appeals.

## Analysis

### I. Admission of Evidence

Glawson argues that testimony about the first accident and his flight from the scene was inadmissible evidence of another act. The admission or exclusion of evidence rests within the sound discretion of the trial court and is reviewed for an abuse of discretion. Conley v. State, 972 N.E.2d 864, 871 (Ind. 2012). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it." Id.

Evidence Rule 404(b)[1] currently provides:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . . .

"Rule 404(b) was designed to assure that 'the State, relying upon evidence of uncharged misconduct, may not punish a person for his character.'" Lee v. State, 689 N.E.2d 435, 439 (Ind. 1997) (citations omitted). "Although evidence of prior uncharged misconduct may not be admitted for the purpose of proving a defendant's bad character, it may be

---

[1] Effective January 1, 2014, this rule was modified in form but is substantively similar to the previous version.

admissible for other purposes, such as 'proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" Id. (quoting Evid. R. 404(b)).

Our supreme court has explained that Evidence Rule 404(b) does not bar evidence of uncharged criminal acts that are "intrinsic" to the charged offense. Id. Other acts are considered "intrinsic" if they occur at the same time and under the same circumstances as the crimes charged. Wages v. State, 863 N.E.2d 408, 411 (Ind. Ct. App. 2007), trans. denied. Evidence of events close in time and place that complete the story of the crime is admissible even if it tends to establish the commission of other crimes not included among those being prosecuted. Id.

Glawson explains that his theory of the case was that he was unable to return to lawful detention because he had a severe car accident resulting in his loss of consciousness and hospitalization. Glawson contends that the testimony about the first accident and his flight from the scene was inadmissible under Evidence Rule 404(b).[2] We disagree. Glawson was given permission to go to McKinney's house in Montpelier, in Blackford County, not to Delaware County  The testimony about the first accident in Delaware County, Glawson's flight from the scene, and the subsequent accident was evidence of Glawson's knowing or intentional failure to return to lawful detention following temporary leave granted for a specified purpose or limited period. See Ind. Code § 35-44.1-3-4 (defining the offense of failure to return to lawful detention following temporary leave). The two accidents occurred minutes apart and within a few miles of each other. We conclude that the first accident and flight were intrinsic to the crime

---

[2] Glawson did not object to testimony about the second accident. See Tr. p. 54.

charged and not barred by Evidence Rule 404(b). The trial court did not abuse its discretion in allowing Deputy Mitchell to testify about the first accident and Glawson's flight from the scene.

## II. Sentence

Glawson argues that his three-year sentence is inappropriate and requests that we remand for him to be resentenced to two years executed and one year suspended to probation.[3] Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—

---

[3] Glawson's argument focuses primarily on the propriety of the aggravators and the lack of mitigators found by the trial court. However, in the absence of a specific argument that the trial court abused its discretion in sentencing him, we limit our review to the inappropriateness of his sentence. We note that, although Glawson argues the trial court improperly considered his .336 BAC as an aggravator, neither the oral nor written sentencing order suggest that the trial court considered that as an aggravator. Instead, the trial court was explaining it did not believe Glawson's testimony that a seizure led to the accidents.

the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Regarding the nature of the offense, at the time of the offense, Glawson was serving the remainder of his sentence for Class A misdemeanor resisting law enforcement on home detention. Glawson was given permission to help McKinney at McKinney's home. Upon realizing that McKinney was not home, Glawson did not go directly home; instead, he drove to another county, twenty miles from where he was approved to be, where he was involved in two separate car accidents with multiple cars and fled from police in his damaged car. During the police chase, Glawson traveled at speeds of seventy miles-per-hour in a forty mile-per-hour zone in a car with a flat tire. Although Glawson testified that he had been suffering signs and symptoms of a seizure that day, the presentence investigation report indicates that his BAC was .336 after the accident. Even though he received the maximum sentence, nothing about the nature of the offense warrants the reduction of his sentence.

As for his character, although Glawson presented evidence that he had supported his family and his incarceration would be a hardship on his children, Glawson's criminal

7

history supports the sentence imposed by the trial court. Since 1997, Glawson has been convicted of Class C misdemeanor illegal possession of an alcoholic beverage, Class A misdemeanor driving while suspended, Class D felony intimidation, Class A misdemeanor operating a vehicle while intoxicated endangering a person, Class A misdemeanor resisting law enforcement, Class A misdemeanor battery resulting in bodily injury, Class D felony operating a motor vehicle while intoxicated with a prior conviction, Class A misdemeanor battery, Class B misdemeanor disorderly conduct, Class B misdemeanor public intoxication, and Class A misdemeanor resisting law enforcement.

The nature of the current offense is consistent with Glawson's criminal history and shows his inability to lead a law abiding life. Glawson was on home detention at the time of this offense, yet he was unable comply with the rules of home detention. As the trial court stated, Glawson is "a huge risk to any type of alternative to incarceration based on [his] actions in this case alone." Tr. p. 107. Glawson has not established that his three-year sentence is inappropriate.

## Conclusion

The trial court did not abuse its discretion in admitting evidence of the first accident and Glawson's flight from the scene of that accident. Glawson has not established that his sentence is inappropriate. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.

8