## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 10 2016, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bryant Dowdy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 10, 2016

Court of Appeals Case No.
49A02-1605-CR-1040

Appeal from the Marion Superior Court

The Honorable Kurt Eisgruber, Judge

Trial Court Cause No.
49G01-1301-MR-2706

**Baker, Judge.**

[1] Bryant Dowdy appeals his convictions for Murder[1] and Robbery,[2] a Class C Felony, arguing that the trial court erred by admitting certain evidence. Finding no error, we affirm.

## Facts

[2] On December 16, 2012, Nishant Patel listed an iPhone for sale on Craigslist. Dominique Clanton showed the ad to Dowdy, and they decided to rob Patel. Dowdy texted Patel to say that he was interested in the phone and wanted to meet. They agreed to meet the following evening at an apartment complex.

[3] On December 17, 2012, Dowdy and another man arrived at the apartment complex first, followed by Dominique and his cousin, Eric Clanton. Eric remained in the vehicle while Dominique, Dowdy, and the man who arrived with Dowdy went inside to prepare. Dowdy was armed with a pistol-grip shotgun.

[4] When Patel arrived in his vehicle, Dominique and the other man went outside to talk to him. Dominique noticed that, in addition to the phone box, Patel had a handgun in his lap. They spoke about the phone and, while Dominique and the other man pretended to gather money from their wallets, Dowdy

---

[1] Ind. Code § 35-42-1-1.

[2] I.C. § 35-42-5-1.

approached with his shotgun pointed at Patel. Dowdy shot Patel in the face, killing him. Dowdy took the phone and Patel's handgun.

[5] The next day, December 18, 2012, Dowdy agreed to meet Dominique and Eric because Eric was going to sell the stolen phone. Dowdy got into the back seat of Eric's vehicle, which Dominique was driving. Dowdy gave the phone to Eric and then shot Eric, killing him, and shot Dominique in the back of the head. Dowdy used Patel's gun to shoot Dominique.

[6] On January 14, 2013, the State charged Dowdy with murder, felony murder, and class A felony robbery for the events of December 17, 2012.[3] On April 14, 2016, Dowdy filed a motion in limine, seeking to exclude evidence of the December 18 incident. Before Dominique testified at Dowdy's April 18, 2016, jury trial, the trial court held a hearing on the motion in limine outside the presence of the jury. The State proposed an admonishment that limited the jury's consideration of Dominique's testimony about the events of December 18 to proving identity and corroborating other testimony. Dowdy's attorney agreed to the admonishment.

[7] Dominique testified regarding the events of December 17, and before he began to testify about the December 18 incident, defense counsel stated, "we might as

---

[3] In a separate cause, the State charged Dowdy with the attempted murder of Dominique and the murder of Eric. Dowdy was found guilty as charged, and this Court affirmed the convictions and sentence. *Dowdy v. State*, No. 49A02-1506-CR-551 (Ind. Ct. App. Aug. 11, 2016).

well go ahead with that admonishment." Tr. p. 233. The trial court gave the following admonishment:

> Now the testimony of Mr. Clanton will be shifted at this point to events that took place . . . [on] the 18th of December, and those events are not to be considered by you for what happened. Certain elements the State is using to establish their theory of the case, and that is elements of corroboration and elements of identity to establish their case concerning what you've been hearing about. So they are presented merely to show the State's theory of the case. You are not to consider those events for any other purpose other than corroboration and identity, all right?

*Id.* at 233-34. Defense counsel stated, "I'm satisfied with the admonishment, Your Honor," and did not object to Dominique's testimony about Dowdy shooting him in the head on December 18. *Id.* at 234. Three other witnesses testified regarding the events of December 18;[4] the trial court gave a similar admonishment to the one it gave before Dominique's testimony, and defense counsel again said he was satisfied, though he also lodged a continuing objection to all evidence related to the events of December 18. *Id.* at 288-89.

[8] On April 20, 2016, the jury found Dowdy guilty as charged. The trial court vacated the felony murder conviction and entered the robbery conviction as a

---

[4] Specifically, a police officer testified that on December 18, he was dispatched to the scene where two men had been shot and were taken to the hospital; a crime lab employee testified that there were shell casings and an iPhone in Eric's car; and a firearms expert testified that the casings from the car had been fired from Patel's gun.

Class C felony.  The trial court sentenced Dowdy to concurrent terms of sixty years for murder and four years for robbery.  Dowdy now appeals.

## Discussion and Decision

[9]  Dowdy's sole argument on appeal is that the trial court erred by admitting evidence related to the events of December 18.  The admission and exclusion of evidence falls within the trial court's sound discretion, and we will reverse only if the decision is clearly against the logic and effect of the facts and circumstances before it.  *Johnson v. State*, 6 N.E.3d 491, 498 (Ind. Ct. App. 2014).

[10]  Dowdy contends that the admission of this evidence violated Indiana Rules of Evidence 403 and 404(b).  Rule 403 provides that the trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence."  And Rule 404(b) states as follows:

> (b)  Crimes, Wrongs, or Other Acts.
>
>   (1)  *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
>   (2)  *Permitted Uses; Notice in a Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A)    provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B)    do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

Dowdy contends that even if the evidence may have been admissible under Rule 404(b) for the purpose of proving identity, its prejudicial effect outweighed its probative value such that it should have been excluded under Rule 403.

[11]    Initially, we note that the trial court admonished the jury that it was only to consider the December 18 evidence for the purposes of proving Dowdy's identity and corroborating other evidence.  We must presume that jurors follow a trial court's admonishments.  *E.g.*, *Francis v. State*, 758 N.E.2d 528, 532 (Ind. 2001).  Nothing in the record here suggests that the jury did not abide by the trial court's admonishments.  Because of the admonishments alone, we find that the trial court did not err by admitting this evidence.[5]

---

[5] The State also contends that defense counsel invited any alleged error by agreeing to the trial court's admonishments.  We note, however, that counsel lodged a continuing objection to all evidence related to the events of December 18.  *Hayworth v. State*, 904 N.E.2d 684, 691-92 (Ind. Ct. App. 2009) (noting that Indiana recognizes continuing objections).  Inasmuch as we find that the evidence was properly admitted, we need not resort to the doctrine of invited error.

[12]     Admonishments notwithstanding, we find no error in the admission of this evidence. Rule 404(b) allows "evidence of uncharged criminal acts that are 'intrinsic' to the charged offense." *Bennett v. State*, 5 N.E.3d 498, 509 (Ind. Ct. App. 2014), *trans. denied*. Even if the evidence "tends to establish the commission of other crimes not included among those being prosecuted," it is admissible if it "complete[s] the story of the crime." *Wages v. State*, 863 N.E.2d 408, 411 (Ind. Ct. App. 2007). When considering the admissibility of evidence under Rule 404(b), we must apply a two-pronged analysis: (1) determine whether the evidence relevant to a matter at issue other than the defendant's propensity to commit the charged act; and (2) weigh the probative value of the evidence against its prejudicial effect. *Id.* at 410.

[13]     We agree with the State's characterization of the complete story of this case, which tends to show that the events of December 18 were intrinsic to the events of December 17:

> The December 18th evidence was the third act in a story that began on December 16th. In Act I, on December 16th, Dowdy and Dominique decided to rob Patel and arranged a meeting. In Act II, on December 17th, Dowdy, Dominique, Eric, and another man met Patel at the apartment complex, where Dowdy shot Patel and took his phone and his gun. In Act III, the final act, on December 18th, Dowdy met Dominique and Eric so that Eric could sell Patel's phone from Act II. Also in Act III, Dowdy shot Dominique and Eric, witnesses to his crimes in Act II, with Patel's gun, which Dowdy took in Act II.

Appellee's Br. p. 12-13. Moreover, the evidence regarding the events of December 18 was also used to prove Dowdy's identity as the murderer and robber of the day before and to corroborate Dominique's testimony. As such, this evidence was relevant to a matter other than Dowdy's propensity to commit the charged offenses. Furthermore, we do not find that this evidence was unfairly prejudicial—especially given the admonishments—and do not find that its probative value was outweighed by any prejudicial effect.

[14] We also note that the State did not overly emphasize the details of the events of December 18. Indeed, the State did not tell the jury that Dowdy killed Eric or that Dowdy was convicted of murdering Eric and attempting to murder Dominique; nor did it tell the jury any of the grisly details of the December 18 shootings. *Cf. Thompson v. State*, 690 N.E.2d 224, 233-36 (Ind. 1997) (finding admission of evidence of another crime committed by defendant to prove his identity was erroneous where the State emphasized the details of the first crime to a significant extent and informed the jury that the defendant had been convicted for the first murder). Therefore, under these circumstances, we find that the trial court did not err by admitting evidence related to the events of December 18.

[15] The judgment of the trial court is affirmed.

Vaidik, C.J., and Najam, J., concur.