## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 20 2018, 7:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anna Onaitis Holden
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy Roberts,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 20, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1210<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Christina R. Klineman, Judge<br><br>Trial Court Cause No.<br>49G17-1802-F6-4431 |

**Bailey, Judge.**

# Case Summary

[1] Jeremy Roberts ("Roberts") appeals his conviction for Invasion of Privacy, as a Level 6 felony.[1] He presents a single issue for review: whether the trial court abused its discretion by admitting evidence in violation of Indiana Rule of Evidence 404(b). We affirm.

# Facts and Procedural History

[2] In December of 2017, Roberts was incarcerated in the Marion County Jail ("the Jail") awaiting trial on a charge related to his conduct involving an ex-girlfriend, J.W. On December 5, 2017, a no-contact order was issued, prohibiting Roberts from contacting J.W. Thereafter, J.W. noticed that there were repetitive calls from the Jail to her cell phone and to her twelve-year-old son's cell phone. On December 31, 2017, J.W. answered a call placed to her son's cell phone and recognized Roberts's voice. The caller stated that he didn't know who he was calling. After J.W. ended the call, "less than one minute later," another call from the Jail was made to that same number. (Tr. Vol. II, pg. 81.)

[3] On February 6, 2018, the State charged Roberts with Invasion of Privacy, related to the events of December 31, 2017. At his jury trial conducted on April

---

[1] Ind. Code § 35-46-1-15.1. The offense was elevated to a Level 6 felony because of a prior unrelated conviction for Invasion of Privacy.

19, 2018, the State introduced, over Roberts's Trial Rule 404(b) objection, a call log from the Jail. The log indicated that thirty-five calls to J.W.'s cell phone and her son's cell phone had been made from the Jail over a one-month period. The jury found Roberts guilty as charged and he was sentenced to 910 days imprisonment. He now appeals.

# Discussion and Decision

At his trial, Roberts conceded that J.W. had received a call from the Jail but pursued a defense of mistake. In his opening statement, defense counsel argued that Roberts thought he was calling J.W.'s son, as opposed to J.W., and that "one phone call" had placed Roberts's "liberty at stake." (Tr. Vol. II, pgs. 69-70.) J.W.'s testimony and the Jail logs indicated that numerous calls had been placed. Roberts now argues that the admission of the Jail logs was both irrelevant and prejudicial evidence admitted in violation of Rule 404(b).

Indiana Evidence Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident..." The list of permissible purposes is illustrative but not exhaustive. *Hicks v. State*, 690 N.E.2d 215, 219 (Ind. 1997). "The well-established rationale behind Evidence Rule 404(b) is that the jury is precluded from making the 'forbidden inference' that the defendant had

a criminal propensity and therefore engaged in the charged conduct." *Thompson v. State*, 690 N.E.2d 224, 233 (Ind. 1997).

[6]     In assessing the admissibility of Rule 404(b) evidence, a trial court must (1) determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act and (2) balance the probative value of the evidence against its prejudicial effect pursuant to Indiana Evidence Rule 403. *Vermillion v. State*, 978 N.E.2d 459, 463 (Ind. Ct. App. 2012). We review evidentiary decisions for an abuse of discretion and will reverse only when the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Nicholson v. State*, 963 N.E.2d 1096, 1099 (Ind. 2012).

[7]     At trial, the State argued that the call log evidenced a "continuing criminal act" rather than acts extrinsic to the charged offense, and that the call log was relevant to show the absence of mistake. (Tr. Vol. II., pg. 107.) In *Wages v. State*, 863 N.E.2d 408, 411 (Ind. Ct. App. 2007), *trans. denied*, we discussed the admissibility of evidence "intrinsic" to a charged offense:

> [Rule 404(b)] does not bar evidence of uncharged acts that are "intrinsic" to the charged offense. *Lee v. State*, 689 N.E.2d 435, 439 (Ind. 1997). "Other acts are 'intrinsic' if they occur at the same time and under the same circumstances as the crimes charged." *Holden v. State*, 815 N.E.2d 1049, 1054 (Ind. Ct. App. 2004), *trans. denied*. By contrast, the paradigm of inadmissible evidence under Rule 404(b) is a crime committed on another day in another place, evidence whose only apparent purpose is to prove the defendant is a person who commits crimes. *Howard v.*

*State*, 761 N.E.2d 449, 452 (Ind. Ct. App. 2002), *trans. denied* (quoting *Swanson v. State*, 666 N.E.2d 397, 398 (Ind. 1996)).

[8] The call log does not fit precisely into this framework. The listed calls were made on several different dates, some on December 31, 2017, some in close proximity to that date, and some more remotely. Some calls were initiated with a PIN number not issued to Roberts.[2] Nevertheless, the call log was also proffered under the absence of mistake exception. Roberts urged the jury to believe that he had placed a single call and reached J.W. by mistake. The call log was relevant to contradict that impression. And, although Roberts insists he was unduly prejudiced by the call log admission, J.W. had already testified – without objection from Roberts – that she had noticed numerous calls from the Jail to hers and her son's phones and she knew no one else at the Jail. Thus, the evidence was relevant to a purpose other than Roberts's propensity to commit crime and the trial court could properly find that its probative value outweighed its prejudicial impact.

# Conclusion

[9] Roberts did not demonstrate that the trial court abused its discretion in the admission of evidence.

---

[2] The State presented testimony that one inmate could share his PIN number with another inmate and that inmates frequently did so.

Affirmed.

Bradford, J., and Brown, J., concur.